Tagged Opinion



ORDERED in the Southern District of Florida on May 4, 2012.

**Laurel M. Isicoff, Judge**
**United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                                          CASE NO. 11-22087-BKC-LMI

EDUARDO CAPOTE                                  CHAPTER 13
and DESIREE F. CAPOTE

        Debtors.
_____/

## ORDER GRANTING MOTION FOR RELIEF FROM STAY

This matter came before me on April 3, 2012 on the Motion of Creditor Nicholas Lopez (the "Movant") for Relief from Automatic Stay to Continue Colorado State Court Action to Determine Liability and Damages for Wrongful Death (ECF #73) (the "Stay Relief Motion"). The Debtor, Eduardo Capote, objects to the Stay Relief Motion on the grounds that the damages that the Movant seeks in the Colorado State Court Action are dischargeable in this chapter 13 case pursuant to 11 U.S.C. §1328(a)(4) and therefore stay relief is not appropriate. I requested that the parties submit memoranda of law on the issue of whether section 1328(a)(4) requires that

an award for damages be entered prior to bankruptcy. Having reviewed the memoranda[1] and the case law cited therein, for the reasons stated below, I grant the Stay Relief Motion so that the Movant may proceed with the Colorado State Court Action.

### Facts[2]

1. The Debtor caused the death of Movant's father in Colorado. The Debtor pled guilty to manslaughter, and served prison time as a consequence.

2. During the Debtor's incarceration, the Movant initiated the Colorado State Court Action against the Debtor seeking civil damages for wrongful death.

3. After the Colorado State Court Action was filed, and while he was still in prison, the Debtor and his spouse filed this case as a chapter 7. After the Movant filed an adversary proceeding against the Debtor seeking a determination that the wrongful death claim is non-dischargeable, the Debtor converted the chapter 7 case to a chapter 13 case.

### Analysis

When BAPCPA was enacted in 2005 there were many significant changes made to the Bankruptcy Code,[3] including changes to the discharge provisions. One change was the enactment of 11 U.S.C. §1328(a)(4). Section 1328(a)(4) provides that

> (a). . . the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt— …
> (4) for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual.

---

[1] The Memorandum of Law in Support of Creditor's Motion for Relief from Automatic Stay to Continue Colorado State Court Action to Determine Liability and Damages for Wrongful Death (ECF #80) (the "Movant's Memorandum") filed by the Movant and the Memorandum in Support of Denial of Creditor, Nicholas Lopez's, Motion for Relief from Automatic Stay to Continue Colorado State Court Action to Determine Liability and Damages for Wrongful Death (ECF #87) filed by the Debtor.

[2] The facts, which have not been disputed, were included in the Movant's Memorandum.

[3] Title 11 of the United States Code.

There is a debate amongst the courts whether the language of section 1328(a)(4) requires that the award of the restitution or damages occur before the filing of the bankruptcy case. *Compare Parsons v. Byrd (In re Byrd)*, 388 B.R. 875 (Bankr. C.D. Ill. 2007) (the award must pre-date bankruptcy) *with Waag v. Permann (In re Waag),* 418 B.R. 373 (9th Cir. BAP 2009) (The award can be made after the petition date).

I find that the reasoning of the Ninth Circuit BAP in *Waag* is the correct analysis and I adopt the reasoning of that court and that opinion. Accordingly, because, if the Movant is successful in the Colorado State Court Action, it appears that any award would be non-dischargeable,[4] I find that it is appropriate to grant the Stay Relief Motion. Therefore, the Movant may proceed through judgment with the Colorado State Court Action.

# # #

Copies furnished to:
James Schwitalla Esq.
Michael Frank, Esq.

*Attorney Schwitalla shall serve a copy of this Order upon all interested parties and file a Certificate of Service with the Clerk of Court.*

---

[4] It would be premature at this juncture to determine the actual issue of non-dischargeability as there has been no adjudication against which the statutory language can be measured.